## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **STEVEN S.,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | |
| | **Case No. 1:22-cv-00019-JCB** |
| **KILOLO KIJAKAZI,** **Acting Commissioner of Social Security,** | |
| **Defendant.** | **Magistrate Judge Jared C. Bennett** |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge

Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[1]

Before the court is Plaintiff Steven S.'s ("Plaintiff") appeal of Acting Commissioner of Social

Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not

entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[2] After

careful consideration of the written briefs and the complete record, the court concludes that oral

argument is not necessary. Based upon the analysis set forth below, Plaintiff's argument that the

Administrative Law Judge ("ALJ") erred in his consideration of Plaintiff's residual functional

capacity ("RFC") fails. Therefore, the court affirms the Commissioner's decision.

---

[1] ECF No. 6.

[2] 42 U.S.C. §§ 401-434.

## PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. In July 2020, Plaintiff applied for DIB.[3] Plaintiff's application was denied initially on December 29, 2020,[4] and upon reconsideration on March 8, 2021.[5] On August 19, 2021, Plaintiff appeared with counsel for a telephonic hearing before an ALJ.[6] On September 1, 2021, the ALJ issued a written decision denying Plaintiff's claim for DIB.[7] Plaintiff appealed the adverse ruling, and, on December 14, 2021, the Appeals Council denied his appeal,[8] making the ALJ's decision final for purposes of judicial review.[9] On March 17, 2022, Plaintiff filed his complaint in this case seeking review of the Commissioner's final decision.[10]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[11] The Commissioner's findings, "if supported by substantial evidence,

---

[3] ECF No. 14, Administrative Record ("AR ___") 169-70.

[4] AR 63-70.

[5] AR 71-79.

[6] AR 32-62.

[7] AR 10-31.

[8] AR 1-6.

[9] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

[10] ECF No. 7.

[11] Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

shall be conclusive."[12] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[13] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[14] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[15]

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[16] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[17]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If he is, disability benefits are denied. If he is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical

---

[12] 42 U.S.C. § 405(g).

[13] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[14] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[15] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

[16] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[17] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[18]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[19] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[20] Before considering step four, however, the ALJ must determine the claimant's RFC.[21] An individual's RFC is his greatest ability to do physical and mental work activities on a regular and continuing basis despite limitations from his impairments.[22] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[23]

For the fourth step, the claimant must show, given his RFC, that his impairments prevent performance of his "past relevant work."[24] "If the claimant is able to perform his previous work,

---

[18] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[19] 20 C.F.R. § 404.1525(a); *see also id.* § 404.1520(a)(4)(iii).

[20] *Williams*, 844 F.2d at 751.

[21] 20 C.F.R. § 404.1520(e).

[22] *Id.* § 404.1545(a)(1), (b)-(c).

[23] *Id.* § 404.1545(a)(2).

[24] *Id.* § 404.1520(a)(4)(iv).

he is not disabled."[25] If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability."[26]

From here, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[27] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of his age, education, and work experience."[28] If it is determined that the claimant "can make an adjustment to other work," he is not disabled.[29] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," he is disabled and entitled to benefits.[30]

## ANALYSIS

The ALJ properly assessed Plaintiff's mental impairments when determining the RFC. When an ALJ assesses a claimant's RFC, the ALJ must account for all severe and non-severe functional limitations resulting from the claimant's impairments.[31] In determining a claimant's RFC, the ALJ cannot rely upon a finding of non-severity at step two as a substitute for a more

---

[25] *Williams*, 844 F.2d at 751.

[26] *Id.*

[27] *Id.*

[28] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[29] 20 C.F.R. § 404.1520(a)(4)(v).

[30] *Id.*

[31] *Id.* § 404.1545(a)(2) (providing that the ALJ must "consider all of [a claimant's] medically determinable impairments . . . , including [the claimant's] medically determinable impairments that are not 'severe,'" when assessing the claimant's RFC); *see also* SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996) ("In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

thorough RFC analysis.[32] Consequently, when an ALJ finds non-severe mental impairments at step two, the ALJ must still consider those mental impairments when assessing the RFC.[33] In this case, the ALJ's step-two analysis determined that Plaintiff had mild limitations in each of the four categories associated with mental capacity.[34] The ALJ went on to conclude that "[b]ecause [Plaintiff]'s medically determinable mental impairments cause no more than 'mild' limitation in any of the functional areas and the evidence does not otherwise indicate that there is more than a minimal limitation in [Plaintiff]'s ability to do basic work activities, they are non[-]severe."[35] After reaching that conclusion, the ALJ recognized that the limitations he had identified at step two "are not [an RFC] assessment but are used to rate the severity of mental impairments at step 2 and 3 of the sequential evaluation process" and that "[t]he mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment."[36]

The ALJ kept this promise. In fact, the ALJ's RFC determination demonstrates that he considered and discussed evidence supporting his assessment of Plaintiff's mental impairments, including: (1) Plaintiff's alleged disability based on depression;[37] (2) Plaintiff's allegations that his mental impairments caused difficulty with memory, completing tasks, concentrating,

---

[32] *Wells v. Colvin*, 727 F.3d 1061, 1068-69, 1071 (10th Cir. 2013).

[33] *Id.*

[34] AR 16.

[35] AR 18 (emphasis omitted).

[36] AR 19.

[37] AR 20.

understanding, following instructions, and getting along with others;[38] (3) Plaintiff's testimony that his mental-health medications are effective and that he was receiving mental-health therapy;[39] and (4) Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms.[40]

Despite the foregoing, Plaintiff counterfactually argues that even though the ALJ recognized the need to conduct "a more detailed assessment"[41] of Plaintiff's mental impairments, he failed to do so. However, as shown above, the ALJ provided *some* analysis of Plaintiff's mental impairments in the RFC discussion.

That the ALJ provided *some* discussion of mental health impairments in the RFC is significant under *Suttles v. Colvin*.[42] In *Suttles*, the plaintiff argued that the ALJ erred by finding that the plaintiff had mild limitations in one of the four functional categories but then failed to include any limitations related to that finding in the plaintiff's RFC.[43] The court rejected the plaintiff's argument and held "that the ALJ conducted a mental RFC assessment separate from the non-severity determination made at step two."[44] In reaching that conclusion, the court acknowledged the ALJ's step-two findings but noted that the ALJ recognized, as the ALJ did in

---

[38] *Id*.

[39] AR 21.

[40] *Id*.

[41] AR 19.

[42] 543 F. App'x 824 (10th Cir. 2013).

[43] *Id*. at 825.

[44] *Id*. at 826.

this case, "that a distinct mental RFC assessment was still required at step four."[45] The court then

quoted the following portion of the ALJ's decision, which is substantively similar to one of the

portions of the ALJ's decision in this case quoted above:

> "The limitations identified . . . [at step two] are not [an RFC] assessment, but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental [RFC] assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing functions contained in the broad categories . . . [previously considered at steps two and three]."[46]

The court also noted that "[a]t step four, the ALJ discussed evidence relating to depression and

then pointedly omitted any limitation associated with that mental impairment [from] the

RFC . . . , though the ALJ admittedly could have been more explicit in tying the former

discussion to the latter conclusion."[47]

Following the logic of *Suttles*, the Commissioner contends that although the ALJ

"admittedly could have been more explicit in tying the former discussion to the latter

conclusion,"[48] the fact that there was *some* discussion of Plaintiff's mental impairments in the

RFC assessment is enough to render the ALJ's decision adequate. The court agrees with this

reasoning. The ALJ specifically mentioned Plaintiff's depression, the degree to which Plaintiff's

mental impairments affect his ability to work, the lack of objective medical evidence to support

---

[45] *Id.*

[46] *Id.* (first, second, fifth, and sixth alterations in original) (citation omitted).

[47] *Id.*

[48] *Id.*

Plaintiff's complaints, and that the RFC assessment was consistent with Plaintiff's symptom presentation and response to treatment.[49] Based on this record, the ALJ adequately considered these factors in crafting the RFC, which is supported by substantial evidence.[50]

## CONCLUSION AND ORDER

As demonstrated above, the Commissioner's denial of benefits is supported by substantial evidence. Therefore, IT IS HEREBY ORDERED that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 26th day of August 2022.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[49] AR 19-22.

[50] The instant case is distinguishable from the facts of *Lori A. v. Kijakazi*, No. 1:21-cv-00101-JCB, 2022 WL 2953727 (D. Utah July 26, 2022), because, in that case, "the ALJ failed to include *any* discussion of Plaintiff's mental impairments in the RFC assessment" and the court "lack[ed] . . . some indication that the ALJ adequately considered mental impairments, albeit mild, at the RFC formulation stage." *Id.* at *5. (emphasis in original). Here, the ALJ "included *some* discussion of [Plaintiff]'s mental impairments when crafting [Plaintiff]'s RFC," and "this could allow a reviewing court to find that the ALJ made the appropriate consideration of mental health concerns during the more in-depth analysis of the RFC." *Id.* (emphasis in original).